**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

STUART W. EASCHIEF,

Defendant - Appellant.

No. 09-10018

D.C. No. 2:08-CR-00103-SMM-1

MEMORANDUM [*]

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, District Judge, Presiding

Argued and Submitted January 11, 2010
San Francisco, California

Before: WALLACE, HUG and CLIFTON, Circuit Judges.

Stuart Easchief appeals from his conviction under 18 U.S.C. §§ 81 and 1153

for committing arson within Indian country. We affirm.

Whether or not Easchief was in custody when he confessed to enkindling his

home, he was not subjected to interrogation. The EMT's question about what was

_____

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

going on was not interrogation because there was no reason that the EMT should have known that the query was "reasonably likely to elicit an incriminating response." *Rhode Island v. Innis*, 446 U.S. 291, 302 (1980). The EMT was evaluating whether Easchief was disoriented, and Easchief had previously answered similar questions without incriminating himself.

We need not decide whether the EMT's follow-up question, "why?" was custodial interrogation. In light of the other evidence of Easchief's motive and guilt, including his statement to a neighbor that he had torn up the house because he was upset with his wife and his response to the EMT's initial question, we are convinced beyond a reasonable doubt that the admission of Easchief's response to the follow-up question was harmless even if it was erroneous. *See Chapman v. California*, 386 U.S. 18, 24 (1967).

The district court did not abuse its discretion by denying Easchief's motion to hold a *Daubert* hearing before allowing the government's expert witness to testify. Easchief made nothing but conclusory assertions of unreliability in his motion, and added nothing during the hearing concerning that motion. Since there was no serious dispute about either the expert's qualifications or the validity of her methodology, the district court correctly declined to hold "unnecessary 'reliability' proceedings" in this ordinary case where the reliability of the expert's methods was

2

"properly taken for granted." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).

It appears that the lack of a material dispute also distinguishes this case from *United States v. Jawara*, 474 F.3d 565, 582–83 (9th Cir. 2007), and *Elsayed Mukhtar v. California State University*, 299 F.3d 1053, 1064 (9th Cir. 2002). But even if an explicit finding of reliability by the district court was required, its omission was harmless. *See Jawara*, 474 F.3d at 583.

The government's expert's testimony about her confidence in her opinion was an invited response to Easchief's cross-examination, and the district court correctly allowed it, particularly in the absence of an objection, a motion to strike, or any attempt to attack the statement during recross-examination. *See United States v. Rivera*, 43 F.3d 1291, 1295 (9th Cir. 1995). Easchief's argument that the district court refused to allow the defense's expert to assess the propriety of the government's expert's confidence in her opinion is baseless. Easchief's attorney asked a leading question, the district court correctly sustained the government's objection to the form of the question, and Easchief's counsel moved on. There was no refusal.

The government's expert's testimony that the fire was set intentionally did not, more likely than not, materially affect the verdict, so even assuming that

Easchief preserved his objection, any error in the admission of the testimony was harmless. *See United States v. Seschillie*, 310 F.3d 1208, 1214 (9th Cir. 2002). Given Easchief's own statements about how the fire started, the expert's testimony concerning intent was unnecessary to the verdict. Easchief argues that the admission of this testimony materially affected the verdict because the jury might have otherwise found that Easchief's disorientation at the scene rendered his confession unreliable. But Easchief's false statements concerning his identity and whether his children were inside the burning home are as probative of an intent to deflect blame as they are of disorientation.

Easchief's remaining arguments are also unpersuasive. We do not conclude that the government engaged in prosecutorial misconduct, but even if it did, the weight of the evidence against Easchief precludes reversal under the plain error standard. *See United States v. Romero-Avila*, 210 F.3d 1017, 1021–22 (9th Cir. 2000). Finally, as Easchief acknowledges, his argument concerning jury instructions is foreclosed by *United States v. Doe*, 136 F.3d 631, 635 (9th Cir. 1998).

AFFIRMED.